USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAFVORNE LEVI BARNETT,

          Plaintiff,

-against-

SGT. DIAZ, *et al.*,

          Defendants.

19-cv-00415 (NSR)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge:

On January 15, 2019, Plaintiff Lafvorne Levi Barnett ("Plaintiff"), proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 against Sgt. P. Diaz, C.O. Bonnell, C.O. Prescott, C.O. Daddezio, C.O. Williams, C.O. Favre, and the State of New ("Defendants"). (ECF No. 2.) Plaintiff filed a Second Amended Complaint on April 24, 2019[1] (ECF No. 32), and Defendants filed an answer on July 2, 2019 (ECF No. 55). Presently before the Court are Plaintiff's motion to amend his complaint with a Third Amended Complaint (ECF No. 89), motions for *pro bono* counsel (ECF Nos. 104 & 109), motions for summary judgment (ECF Nos. 65 & 108), and motion for discovery of a more definite statement (ECF No. 59).

### I. Motion to Amend

On September 6, 2019, Plaintiff filed a motion to amend his complaint on the basis of "new evidence" and "new people in [the] case." (ECF No. 89.) Plaintiff, however, did not provide any explanation about the new evidence or new people. (*Id.*) Several days later, without the leave of the Court, Plaintiff filed a Third Amended Complaint. (ECF No. 92.) To the extent the Third

---

[1]     Plaintiff filed his Amended Complaint on April 4, 2019 (ECF No. 26), and the Court granted Plaintiff leave to file the Second Amended Complaint on April 15, 2019 (ECF No. 28).

Amended Complaint sets forth the proposed amendments, it largely provides a list of questions related to the previous allegations in Plaintiff's Second Amended Complaint,[2] but it also seeks to add several new defendants to the lawsuit, namely (1) Nurse Liciaga based on her alleged "doctoring [of] the U-I-Report"; Captain Maxwell based on role as "on scene supervisor" and for letting "this coruptsion [sic] hap[p]en"; and Lieutenant T. McCoy for his role of being on the scene and letting "this coruptsion [sic] hap[p]en." (*Id.* at 1, 3.) To date, Defendants have not responded to Plaintiff's motion.

Federal Rule of Civil Procedure 15 governs amendments to pleadings. After the first permissive amendment, further amendments are conditioned on either "the opposing party's written consent or the court's leave"—the latter of which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the standard is lenient, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of amendment—the leave sought should, as the rules require, be 'freely given.'")). When there is

---

[2] For example, Paragraph 3 asks Defendant Favre "if he was controling [sic] the [camera] how can he take his hands off of the [camera] to take over the canerster [sic] for the chemical agents. So [who] was controlling the [camera while Plaintiff] was being [brutally] beaten." (ECF No. 92 ¶ 3.) Similarly, Paragraphs 6 and 7 ask Defendant Bonnell "how is it that it takes 3 co.s to gain[] co[m]pli[a]nce by doing a body hold on an inmate that is in violation of the 8th Amendment to the United States [Constitution] with the use of ex[c]essive force and how is it that you can have a firearm in the facility with out [authorization] from outside partys and how can it take 3 co.s to use Mechanical Restraints." (*Id.* ¶¶ 6-7.)

no "nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint," or if the new events did not arise "out of the same conduct or occurrences as those in the original pleading," leave to amend a complaint will be properly denied. *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995); *see also Taylor v. Macomber*, No. 97 Civ. 4127(DAB), 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999) (denying motion for leave to amend where proposed allegations bore "no relation whatsoever to the claims presented in the" prior complaint).

If a proposed amendment adds new parties, Federal Rule of Civil Procedure 21 governs the propriety of that amendment. *Michalek v. Amplify Sports and Entmt. LLC*, No. 11 Civ. 508(PGG), at *1 (S.D.N.Y. June 20, 2012). In deciding whether to permit joinder, this Court "is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Momentum Luggage & Leisure Bags v. Jansport*, No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001). "Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility." *D'Attore v. New York City*, No. 10 Civ. 6646(WHP)(JCF), at *3 (S.D.N.Y. July 19, 2012).

Of relevance here, an amendment is futile if the proposed new allegations would not state a viable claim, and thus the new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). When considering futility, all allegations are accepted as true and inference are drawn in favor of the pleader. *Neshewat v. Salem*, 365 F. Supp. 2d 508, 515-16 (S.D.N.Y. 2005). In doing so, courts will look at whether the allegations contain "more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action." *Tavares v. City of New York*, No. 08 Civ. 3782(JSR)(JCF), 2010 WL 234974, at *3 (S.D.N.Y. Jan. 19, 2010) (citing

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009)).

Here, the Court finds no basis to grant Plaintiff's motion to amend his complaint. *First*, as it relates to claims asserted against Nurse Liciaga, the claims do not relate back to the claims stated in the original claims set forth in the Second Amended Complaint. That the "U-I-Report" or "medical report" were allegedly "doctor[e]d" (ECF No. 92 at 1) bears no relation to the allegations of excessive force and medical indifference that Plaintiff had originally alleged. *Second*, regarding Plaintiff's attempt to add in Captain Maxwell and Lieutenant T. McCoy, Plaintiff merely alleges that the two were "on scene" and let corruption happen. (*Id.* at 3.) These stray, conclusory statements, alone, are not enough to establish any personal involvement of either Defendant in the alleged constitutional deprivations, as is required under Section 1983. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). *Finally*, the remainder of the new material found in the Third Amended Complaint merely sets forth questions—which are directed to various named Defendants—that relate to Plaintiff's claims. (*See* ECF No. 92 at 2-3.) This new material does not, at any point, set forth new allegations stemming from the facts underlying the Second Amended Complaint

Accordingly, although it is mindful of the special solitude it must afford to *pro se* litigants seeking leave to amend, the Court DENIES Plaintiff's motion to amend at his time, without prejudice to renew with further information as it pertains to Captain Maxwell or Lieutenant T. McCoy.[3] Plaintiff's Second Amended Complaint (ECF No. 32) remains the operative complaint in this civil action.

---

3      However, Plaintiff's motion to amend the complaint with allegations related to Nurse Liciaga are denied *with prejudice*.

4

## II. Motion for Pro Bono Counsel

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's instant request for *pro bono* counsel is his second application. His last application was denied on April 15, 2019. (ECF No. 28.) In the prior order denying Plaintiff's request for *pro bono* counsel, this Court indicated that at such an early stage of the litigation, there

5

was insufficient information to ascertain to what extent Plaintiff's claims were meritorious and whether or not Plaintiff could proceed without the assistance of counsel. (*Id.*) In the time between the first order and the instant application, Plaintiff has filed a Second Amended Complaint and Defendants have filed an Answer (ECF Nos. 32, 55.)

Plaintiff's second motion for appointment of *pro bono* counsel establishes that he has unsuccessfully attempted to seek counsel independently. (ECF Nos. 108 & 109.) In a separate letter, as well as his November 19, 2019 application, Plaintiff also provided medical records that indicate he was previously diagnosed with various mental illnesses, including Schizoaffective Disorder (Bipolar), Phencyclidine Use Disorder, Cannabis Use Disorder, and Borderline Personality Disorder. (ECF Nos. 83 & 109.)

The Court notes that this case is still in its infancy, as Plaintiff commenced his case a little under a year ago, in January of 2019 and the parties have yet to enter discovery or make summary judgment motions. And there is still no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Plaintiff does now flag mental illnesses for which he had previously received treatment for during his previous incarceration at the Sullivan Correctional Facility, but the Court cannot conclude from Plaintiff's current submission that those illnesses will render him unable to handle the case without assistance, although this conclusion may change as the action progresses. *See Wilson v. Hendel*, No. 00-CV-6458-CJS(F), 2011 WL 4703117, at *3 (W.D.N.Y. Oct. 4, 2011) (denying request for appointment of *pro bono* counsel where Plaintiff asserted he suffered from "bi-polar disorder with psychotic feature" because he asserted no factual basis for how the mental disorder will get in the way of his understanding anything with regard to the proceedings). Therefore, because the Court does not

find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

### III. Motions for Summary Judgment and Discovery

On July 8, 2019, after Defendants filed their answer, Plaintiff filed a motion for "Discovery of a More Definite Statement." (ECF No. 59) In this motion, Plaintiff requests information from Defendants about (1) why the "medical report" did not reflect injuries that Plaintiff allegedly sustained to his eye, and (2) there appears to be "two UI-Reports but no Notice was sent to [Plaintiff] of an Amended UI Report being made." (*Id.*) Plaintiff appeared to renew parts of this request on in a separate "Motion for Discovery,' which was filed with the Court on July 11, 2019. (ECF No. 61.)

A week later, on July 15, 2019, Plaintiff filed a motion for summary judgment. (ECF No. 65.) In this motion, Plaintiff argues that (1) "Defendants have failed to demonstrate without reasonable doubt that Plaintiff Barnett's eye injury was self inflicted"; (2) "Defendants failed to properly indicate on record specific to U.I. Report that [Plaintiff] refused any medical attention"; and (3) "Defendants have failed to justify why Plaintiff Barnett's U.I. Report was blotted out specific to medical entries." (*Id.*) Plaintiff again filed motions for summary judgment on September 6, 2019 and November 19, 2019. (*See* ECF Nos. 87 & 109.) These motions largely reiterate the points made in Plaintiff's July 15 motion.

The Court denies Plaintiff's motions. As was the case when Plaintiff filed his first motion (ECF No. 24), Plaintiff's latest motions for summary judgment are again premature. Indeed, there has been no discovery has been exchanged in this action. Therefore, the Court will dney Plaintiff's

motions for summary judgment without prejudice. Similarly, Plaintiff's motion for "Discovery of a More Definite Statement" is denied as moot because the case will soon proceed to discovery.[4]

## CONCLUSION

For the foregoing reasons, Plaintiff's various motions are DENIED. *First*, Plaintiff's motion to amend his complaint is DENIED, partially with prejudice and partially without. The Second Amended Complaint remains the operative complaint in this case. *Second*, Plaintiff's motion for *pro bono* counsel is denied without prejudice to renew at a later date. *Third*, in light of the lack of discovery in this case, Plaintiff's motion for summary judgment is DENIED without prejudice to renew at an appropriate juncture. *Finally*, as this case will soon proceed to discovery, Plaintiff's motion for "Discovery of a More Definite Statement" is DENIED as moot.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 59, 65, 89, 104, 108, and 109. The Clerk is also directed to mail a copy of this Order to Plaintiff at the address listed on ECF and to file proof of service on the docket.

Dated: November 26, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[4] Plaintiff has filed numerous letters and requests seeking discovery-related items, or posing discovery-related questions, from Defendants. (*See, e.g.*, ECF Nos. 91, 93, 94, 102.) Once this case proceeds to discovery, Plaintiff will have an opportunity to make and/or renew his discovery requests to Defendants.