```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   6/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAFVORNE LEVI BARNETT,

                        Plaintiff,

   -against-

SERGEANT PEDRO DIAZ, et al.,

                        Defendants.

No. 19-cv-00415 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Lafvorne Levi Barnett ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sergeant Pedro Diaz, Correction Officer ("CO") Edward Bonnell, CO Daryl Prescott, CO Joseph Daddezio, CO Stephen Williams, and CO Robert Favre (collectively, "Defendants") alleging violations of the Eighth and Fourteenth Amendment.  (ECF No. 32.)  Before the Court is Defendants' motion for summary judgment.  (ECF No. 87.)  For the foregoing reasons, Defendants' motion is GRANTED.

## BACKGROUND

    The following facts are derived from the record and Defendants' unopposed Rule 56.1 statement, as supported by evidence in the record.

    The operative complaint[1] alleges that on December 31, 2018, Sergeant Diaz, CO Bonnell, CO Prescott, CO Daddezio, CO Williams, and CO Farve asked Plaintiff to leave his cell, but before he could, they gassed him and forcefully laid him on the ground, causing a "crack" to his leg and punching him in the face.  (ECF No. 32 at 10.)  When he was finally brought to the mental health

---

[1] While Plaintiff filed a Third Amended Complaint on September 12, 2019 (ECF No. 92), the Court denied Plaintiff's motion to amend his complaint, and held the Second Amended Complaint would remain the operative complaint in this case.  (ECF No. 110.)

1

unit of the prison, two hours passed before he was taken to be seen by medical staff and provided pain medications. (*Id.*)

The New York State Department of Corrections and Community Supervision ("DOCCS"), Sullivan Correctional Facility ("SCF") implements and maintains an inmate grievance program. (Defendants' Rule 56.1 Statement in Support of Their Motion for Summary Judgment ("Rule 56.1") ECF No. 238 ¶ 1.) Each day, inmate grievances are collected from the Inmate Grievance Resolution Committee ("IGRC") mailbox at SCF and processed in accordance with DOCCS Directive 4040. (*Id.* ¶ 2; Declaration of Corey Proscia ("Proscia Decl") ECF No. 237-2 ¶ 5.) This requires that grievance files and logs be maintained for the current year plus the previous four calendar years. (Proscia Decl. ¶ 6.) The grievance process involves three steps: (i) the incarcerated individual must file a complaint with the IGRC within 21 days of an alleged incident, and the IGRC has 16 days to attempt to formally resolve the complaint or hold a hearing; (ii) if dissatisfied, the individual may appeal the recommendation to the Superintendent within seven days after receipt of the response, the Superintendent then has 20 days to render a response; and (iii) if dissatisfied, the individual may appeal the decision to DOCCS' Central Office Review Committee ("CORC") within seven days. (56.1 ¶¶ 4-5; Declaration of Rachael Seguin ("Seguin Decl.") ECF No. 237-1 ¶ 7.)

DOCCS provides an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. (Seguin Decl. ¶ 9.) These grievances are directly forwarded to the Superintendent, who has 25 days to issue a response. (*Id.*) If dissatisfied, the individual can then appeal the response to CORC. (*Id.*)

On January 7, 2018, Plaintiff submitted a grievance to the Sullivan Inmate Grievance Program related to the incident on December 31, 2018. (56.1 ¶ 7.) As the grievance included

allegations of staff harassment, it was forwarded directly to the Superintendent. (Proscia Decl. ¶ 10.) On January 31, 2019, the facility Superintendent issued a decision denying Plaintiff's grievance. (*Id*. ¶ 11, 56.1 ¶ 8.) As part of the denial, Plaintiff was advised of his right and how to appeal the decision to the DOCCS' CORC. (56.1 ¶ 9.) Specifically, the Superintendent's response includes an "Appeal Statement" section that states: "If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal." (Proscia Decl. Ex. C.)

Plaintiff failed to appeal the Superintendent's denial to CORC. (56.1 ¶ 10; Seguin Decl. ¶ 13; Proscia Decl. ¶ 13.) During his deposition when asked if he appealed the Superintendent's decision, Plaintiff stated no and that he "was going to try to go to Albany, but [he] didn't know the address to the grievance office in Albany" and that no staff or inmates would give him the address. (Deposition Transcript for Lafvorne Levi Barnett ("Barnett Depo.") ECF No. 237-3 at 66:15-67:23.)

Plaintiff filed suit *pro se* on January 15, 2019. (ECF No. 2.) Plaintiff obtained counsel who filed a notice of appearance on April 26, 2021. (ECF No. 214.) Defendants filed a motion for summary judgment on January 14, 2022. (ECF No. 237.) Plaintiff has not filed an opposition.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, including depositions, documents, affidavits, or declarations "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support

an assertion that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). To oppose summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (holding the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (internal quotations and citations omitted)).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013). Courts must "draw all rational inferences in the non-movant's favor" when reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not [] to weigh the evidence and determine the truth of the matter" or determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

When an adverse party does not respond to a motion for summary judgment, summary judgment should only be granted if appropriate. *See United States Liab. Ins. Co. v. P. Mahoney Contracting Corp.*, No. 95-CV-9108(MGC), 1998 WL 895750, at *1 (S.D.N.Y. Dec. 21, 1998) (even when summary judgment motion is unopposed, "judgment should not be granted in circumstances contrary to law"). "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied <u>even if no opposing evidentiary matter is presented</u>.'" *Id*. (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)) (emphasis in original).

## DISCUSSION

Defendants allege that Plaintiff has failed to properly exhaust his available administrative remedies before filing this action. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs.' Mem.") ECF No. 237 at 4-9.) The Court agrees.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 Civ. 9199 (PGG), 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). "[B]ecause 'it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion[,]' . . . [t]he exhaustion inquiry . . . requires that [the Court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Similarly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. In order to properly exhaust his claims, a plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim[.]" *Varela v. Demmon*, 491 F. Supp. 2d 442, 446–47 (S.D.N.Y. 2007).

In New York, the grievance process is governed by the three-tiered IGP system. *Freeman v. Goord,* No. 02 Civ. 9033 (PKC), 2004 WL 2709849, at *2 (S.D.N.Y. Nov. 23, 2004); *see also* 7 N.Y.C.R.R. § 701. Typically, an inmate must (1) "file[] a grievance with the [IGRC]"; (2) "appeal an adverse decision by the IGRC to the superintendent of the facility"; and (3) "appeal an adverse decision by the superintendent to the [CORC]." *See Espinal*, 558 F.3d at 125; *see also* 7 N.Y.C.R.R. §701.5. It is the defendant's burden to demonstrate that a plaintiff's claim is not properly exhausted. *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009). For purposes of the PLRA, a person detained or incarcerated at a DOCCS facility must exhaust all of the steps of the IGRP. *See Robinson v. Henschel*, No. 10 Civ. 6212, 2014 WL 1257287, at *10 (S.D.N.Y.

6

Mar. 26, 2014) ("the PLRA requires complete exhaustion") (internal quotation marks and citations omitted).

A court may not excuse a failure to exhaust, even to take "special circumstances" into account. *Ross v. Blake*, 578 U.S. 632, 641 (2016). However, a prisoner cannot be required to exhaust administrative remedies that are not available to him. *Id*. at 642. "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). An administrative procedure is "unavailable" in this respect (1) when it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when it is so opaque that no ordinary prisoner can discern or navigate it; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Id.* at 643–45; *see also Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016) (opining that the foregoing circumstances "do not appear to be exhaustive," but declining to describe what other circumstances might render an otherwise available administrative remedy actually incapable of use).

Here, Defendants have shown that there is no issue of material fact regarding Plaintiff's failure to exhaust his claims. There is no record of Plaintiff appealing the Superintendent's response to CORC, and Plaintiff himself admitted this fact during his deposition. While Plaintiff averred during his deposition that SCF staff failed to provide him the address for CORC, the address was not needed as the Superintendent's response included instructions for the appeal that explain that an inmate must sign the form and return the copy to the Inmate Grievance Clerk. Further, Plaintiff has failed to show the appeal was "unavailable" to him, as he has failed to provide evidence that the appeal was a dead end, opaque, or that his efforts were thwarted in any way.

7

Accordingly, Defendants' motion is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Court respectfully directs the Clerk of Court to enter judgment in favor of Defendants and close this case.

Dated: June 2, 2022  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge